|  |  |  |
|---|---|---|
| BRADD MARTIN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| | ) | **DEFENDANT CITY OF WINSTON-** |
| vs. | ) | **SALEM'S REPLY TO PLAINTIFF'S** |
| | ) | **CONSOLIDATED RESPONSE IN** |
| | ) | **OPPOSITION TO DEFENDANTS'** |
| WANDA HAIRSTON (in her | ) | **MOTIONS TO DISMISS** |
| individual, | ) | |
| Capacity), JANET BLUE (in her | ) | |
| individual capacity), WAYNE | ) | |
| GOODWIN, and THE | ) | |
| CITY OF WINSTON-SALEM, | ) | |
| | ) | |
| *Defendants*. | ) | |

COMES NOW Defendant City of Winston-Salem ("City"), by and through

counsel, and offers this reply to the Plaintiff's Consolidated Response in Opposition to

Defendants' Motions to Dismiss ("Response Brief").

## I.     PLAINTIFF'S ADMISSION TO INSUFFICIENCY OF PROCESS

## AND INSUFFICIENCY OF SERVICE OF PROCESS.

Under Section II.A. of the Plaintiff's Response Brief, the Plaintiff admits that

service was not perfected as required by a statute on a municipality. Whether to dismiss

the complaint or allow the Plaintiff to cure is a decision for the Court.  The Plaintiff has

sent the Summons and Amended Complaint to the City Clerk for the City of Winston-

Salem by certified mail after the filing of the City's Motion to Dismiss.  The Summons

1

and Amended Complaint addressed to the City Clerk was picked up by a mail service for Winston-Salem on August 12, 2025 and received by the City Clerk on August 14, 2025.

## II.  PLAINTIFF'S CLAIMS AGAINST THE CITY FAIL AS A MATTER OF LAW

Plaintiff states in his Response Brief that the Police Report is attached, but the police report was not attached to the Response Brief nor the Amended Complaint. (Doc. 5, 21.) The Police Report would only further demonstrate why the claims against the City should be dismissed.  According to the allegations in the light most favorable to the Plaintiff, the Winston-Salem Police Officers ("WSPD") that responded to the call from the DMV, issued a trespass warning at the direction of a person in charge at the DMV location. (Doc. 5, Amend. Compl. ¶ 3, 17.)  The second-degree trespass statute for North Carolina, in relevant part, reads as follows:

> § 14-159.13. Second degree trespass. (a) Offense.  A person commits the offense of second-degree trespass if, without authorization, the person enters or remains on any of the following: (1) On premises of another after the person has been notified not to enter or remain there by the owner, by a person in charge of the premises, by a lawful occupant, or by another authorized person . . . .

According to the allegations in the Amended Complaint the warning not to remain on the premise was pursuant to the person in charge of the premise. (Doc. 5, Amend. Compl. ¶ 3.)  The WSPD was called pursuant to the DMV's request to have the Plaintiff leave their premise. The Plaintiff left the DMV and did not remain without authorization. The WSPD did not arrest the Plaintiff and there were no further interactions with the WSPD. (Doc. 21, p,4.)

2

The Plaintiff seems to abandon his Fourth Amendment violation against the City as he does not address the Fourth Amendment in the section of his Response Brief entitled "City's Role and Distinction from DMV." (Doc. 21, pp. 3-4.) Therefore, the Plaintiff's Fourth Amendment claim against the City should be dismissed as a matter of law.

The Plaintiff's First Amendment argument does not pertain to the City as it was not the decision of the WSPD to require him to leave the premise. (Doc. 5, Amend. Compl. ¶ 3, 17.) The City does not have the authority to trespass a person from the property of another. The WSPD only has the authority to relay the decision of a person in charge at that property and to enforce the trespass statutes if they are violated. In addition, the Plaintiff admits in his Amended Complaint that he was recording in at least one restricted area. (Doc. 5, Amend. Compl. ¶ 14-15.) The cases cited by the Plaintiff in support of his First Amendment claim all involve the ability to record the actions of law enforcement in public. (Doc. 21, p. 4). None of the cases cited address the ability to record DMV staff and clients in open and/or restricted areas to address whether that is protected speech. Regardless, the decision to ask the Plaintiff to leave the premise based on his behavior was made by the DMV and not the City. (Doc. 5, Amend. Compl. ¶ 17.) The Plaintiff's First Amendment claim against the City should be dismissed as a matter of law.

3

The Fourteenth Amendment claim is misplaced with the City. The decision to exclude the Plaintiff from that DMV location was made by the DMV and not the City. As shown by Exhibit 1 to the Response Brief, the Plaintiff was able to file a complaint regarding the WSPD's role and a decision was rendered. The Plaintiff was also provided additional appeal information for that decision. The City does not have the authority to overturn the decision of the DMV. The Plaintiff's Fourteenth Amendment claim against the City should be dismissed as a matter of law.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570). The Amended Complaint fails to state a Constitutional violation by the City to support a Monell claim. Even if a Constitutional violation by the City was properly claimed, the Plaintiff has failed to make any allegations of any policies, customs, or omissions upon which municipal liability could be based. (See Doc. 5). Plaintiff's Monell claims should be dismissed as a matter of law.

Based on the foregoing arguments and authorities, Defendant City of Winston-Salem respectfully submits that its motion to dismiss should be granted.

Respectfully submitted this the 2nd day of August 2025.

/s/Marissa A. West
Marissa A. West
Assistant City Attorney
City of Winston-Salem

4

N.C. State Bar No. 40163
P.O. Box 2511
Winston-Salem, NC 27102
Telephone: (336) 747-7401
Facsimile: (336) 748-3816
marissaw@cityofws.org

*Counsel for Defendant Phillip Yates in his official and individual capacity*

## LOCAL RULE 7.3(d)(1) CERTIFICATION

The undersigned hereby certifies that this brief does not exceed 3,125 words and is therefore compliant with Local Rule 7.3(d)(1). More specifically, the body of the brief, footnotes, and headings comprise 909 words.

/s/ *Marissa A. West*
Marissa A. West
Assistant City Attorney
City of Winston-Salem
N.C. State Bar No. 40163
P.O. Box 2511
Winston-Salem, NC 27102
Telephone: (336) 747-7401
marissaw@cityofws.org

*Attorneys for City of Winston-Salem*

5

# CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, I electronically filed the foregoing

**DEFENDANT CITY OF WINSTON-SALEM'S REPLY TO PLAINTIFF'S**

**CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS**

**TO DISMISS** with the Clerk of Court using the CM/ECF system.

It is further certified that on September 2, 2025, a copy of the foregoing

**DEFENDANT CITY OF WINSTON-SALEM'S REPLY TO PLAINTIFF'S**

**CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS**

**TO DISMISS** was sent by U.S. Mail to the following non-CM/ECF participant at his

address of record with the Court:


Bradd Martin
1578 Zeverly Street
Winston-Salem, NC 27127
*Pro Se Plaintiff*


/s/Marissa A. West_____
Marissa A. West
Assistant City Attorney
City of Winston-Salem
N.C. State Bar No. 40163
P.O. Box 2511
Winston-Salem, NC 27102
Telephone: (336) 747-7401
Facsimile: (336) 748-3816
marissaw@cityofws.org

6