IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**BRADD MARTIN,**

    Plaintiff,

v.

WANDA HAIRSTON, in her individual capacity; JANET BLUE, in her individual capacity; PAUL TINE, in his official capacity as Commissioner of the North Carolina Division of Motor Vehicles (automatically substituted under Fed. R. Civ. P. 25(d) for former Commissioner Wayne Goodwin); and CITY OF WINSTON-SALEM,
    Defendants.

Case No. 1:25-cv-00344-WO-JLW

**PLAINTIFF'S SUR-REPLY TO DEFENDANT CITY OF WINSTON-SALEM'S REPLY**

Plaintiff submits this limited sur-reply to address new points raised in the City's Reply.

**1. Service on the City is cured; the City's service argument is moot.**

The City's Reply acknowledges that, after its motion, the City Clerk received the Summons and Amended Complaint (picked up Aug. 12, 2025; received Aug. 14, 2025). At most the remedy would have been to quash and allow cure; that cure has already occurred. The Court should deny dismissal on service grounds as to the City.

Footnote 1: This sur-reply responds only to the City's Reply. Plaintiff is actively completing service on Defendant Wanda Hairston within Rule 4(m) (and will move for a brief extension if needed). The State defendants' service contentions are addressed in Plaintiff's opposition and are not at issue in this City-only reply.

**2. Exhibit H is now complete: police report and CAD are filed and authenticated.**

The Reply argues Plaintiff "stated the Police Report is attached, but the police report was not attached." Plaintiff has now filed Corrected Exhibit H consisting of (i) WSPD Incident/Investigation Report #2332701 and (ii) WSPD CAD Event Report (Event ID 23-146080) cross-referencing the same report, authenticated by a § 1746 declaration. These documents confirm a routine trespass call and no arrest/charge, consistent with Plaintiff's account.

**3. The Fourth Amendment claim was preserved; it is an alternative theory.**

The City newly claims Plaintiff "seems to abandon" his Fourth Amendment claim. Not so. The Amended Complaint expressly pleads Count II (Fourth Amendment) as an alternative theory for the meaningful interference with access to a public building, independent of arrest/search allegations. Plaintiff's opposition preserved this alternative; nothing in the Reply justifies deeming it waived.

### 4. "Restricted area" and "City only relayed DMV" are factual contentions not fit for Rule 12(b)(6).

The Reply argues Plaintiff recorded in a "restricted area," and that WSPD merely relayed DMV's decision. But the pleadings allege the sign was not affixed to a doorway, was not clearly restricting general access, and was difficult to see; Plaintiff complied when asked to step back. Those facts preclude dismissal on "restricted area" grounds at Rule 12(b)(6). As to "only relayed DMV," the City's own Answer admits WSPD issued the trespass warning at DMV's request, i.e., WSPD acted under color of law in executing and maintaining the exclusion. Whether that municipal enforcement was reasonable and viewpoint-neutral in a public-facing facility presents merits issues not resolvable on a motion to dismiss.

### 5. Due process cannot be satisfied by a post-hoc internal complaint channel.

The Reply asserts Plaintiff had an internal complaint/appeal channel with WSPD and that the City cannot change DMV's decision. Plaintiff's due-process claim is that a citizen was excluded from a public facility without notice of reasons or a pre-deprivation hearing and with no neutral decision-maker, while City officers executed and maintained that exclusion. A police-department complaint process about officer conduct does not supply the process due for a continuing exclusion from a government facility.

### 6. Monell is plausibly pled.

The City argues no Monell claim. But the pleadings allege WSPD issued and maintained the exclusion at a third-party request without process, and that the City later ratified the conduct (including via internal review), supporting custom/failure-to-train inferences at the pleading stage.

### Conclusion.

The City's dismissal arguments should be denied. Service is cured as to the City; Exhibit H is complete; the Fourth Amendment theory is preserved; and Plaintiff plausibly pleads First and Fourteenth Amendment violations with Monell liability.

Dated: 09/06, 2025

Respectfully submitted,

_/s/ Bradd Martin_

Bradd Martin, Pro Se
1578 Zevely Street
Winston-Salem, NC 27127
(336) 255-1844

## CERTIFICATE OF SERVICE

I certify that on __09/06__, 2025, I mailed a copy of the foregoing document by first-class U.S. Mail to:

**COUNSEL FOR NCDMV DEFENDANTS**
Kathryne E. Hathcock, Special Deputy Attorney General
Steven C. Wilson, Jr., Assistant Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, NC 27602

**COUNSEL FOR CITY OF WINSTON-SALEM**
Marissa A. West, Assistant City Attorney
City of Winston-Salem
P.O. Box 2511
Winston-Salem, NC 27102-2511

_/s/ Bradd Martin_

Bradd Martin
1578 Zevely Street, Winston-Salem, NC 27127